UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Karéon Sierra, a/k/a Caron Sierra,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>New England Personnel of Hartford, LLC,<br>Kathryn Clark Melanson, and Thomas<br>Melanson,<br><br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: October 20, 2015<br>:<br>: |

**COMPLAINT**

I. **INTRODUCTION**

1. This is an action brought by the plaintiff, Karéon Sierra, a/k/a Caron Sierra, against her former employers the defendants, New England Personnel of Hartford, LLC., Kathryn Clark Melanson, and Thomas Melanson arising from the defendants' failure to pay the plaintiff overtime wages for her work. The plaintiff alleges that the defendants violated the overtime wage payment provision of the federal Fair Labor Standards Act, 29 U.S.C. §207, and the overtime wage wage payment provisions of Connecticut law, including Conn.Gen.Stat. §31-68 and §31-76c. The plaintiff further alleges that the defendants failed to pay her commissions owed, in violation of Conn.Gen.Stat. §31-71a through §31-71e and pursuant to Conn.Gen.Stat. §31-72. The plaintiff seeks as damages her unpaid overtime wages and unpaid commissions; double damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) and pursuant to Conn.Gen.Stat. §31-68 and §31-72; and her reasonable attorney's fees and costs.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.   PARTIES

4. The plaintiff is Karéon Sierra, who resides at 29 Moss Avenue, Seymour, Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or was an employee in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §207(a)(1).

6. Defendant New England Personnel of Hartford, LLC., is a Connecticut limited liability company which lists its business address with the Connecticut Secretary of State as 1850 Silas Deane Highway, Rocky Hill, Connecticut. Defendant is in the business of recruitment and placement of candidates in the management, healthcare, nursing, financial, construction, architecture, manufacturing and legal fields.

7. At all times relevant to the Complaint, the defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

8. The defendant has an Annual Business Volume (ABV) of more than $500,000.00.

9. Defendant Kathryn Clark Melanson is the Chief Operating Officer (COO) of defendant New England Personnel of Hartford, LLC, and lists her residence with the Connecticut Secretary of State as 3 Lighthouse Lane, Old Saybrook, Connecticut.

10. Defendant Thomas Melanson is the owner and President of defendant New England Personnel of Hartford, LLC, and lists his residence with the Connecticut Secretary of State as 3 Lighthouse Lane, Old Saybrook, Connecticut.

11. At all times relevant to this Complaint, and with respect to defendant New England Personnel of Hartford, LLC, defendants Kathryn Clark Melanson and Thomas Melanson, were responsible for day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation and were responsible for all relevant decisions regarding the setting of hours for and the payment of wages to the plaintiff.

12. At all times relevant to this Complaint, the defendants were each and all employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.   FACTS

### A.   The defendants failed and refused to pay the plaintiff overtime wages

13. The defendants employed the plaintiff from October 24, 2011, until February 27, 2014.

14.  The defendants hired the plaintiff for the position of Recruiter, and subsequently changed her title, along with those of other Recruiters, to Executive Recruiter. This was a change in title only and was not accompanied by a raise in pay or a change in duties.

15.  When the plaintiff was hired by the defendants, she was told that she would be expected to work 8:00AM to 5:00PM, Monday through Friday of each week, for a total of 40 hours each week.

16.  When the plaintiff was hired by the defendants, she was told that she would be paid a salary of $47,000 a year.

17.  On or about June 1, 2012, the defendants required that the plaintiff sign a written contract that would pay her the same salary, $47,000 a year, but for which she was expected to work 45 hours a week.

18.  On or about January 1, 2013, the defendants again increased the number of hours worked by the plaintiff by 2.5 hours each week, including nights and weekends.

19.  In addition to time spent in the office on weekdays, the plaintiff also worked from home on the weekends.

20.  The defendants did not create and maintain a complete and accurate record of the start and end times of the plaintiff's daily employment, nor did they maintain records of the number of hours she worked in a day or a week, nor did the defendants require the plaintiff to record her start and end times or the number of hours she worked in a day or week.

21.  Defendants Kathryn Clark Melanson and Thomas Melanson told the plaintiff that she was an exempt employee, and as such she was not entitled to be paid overtime for hours worked above 40 in a one week period. Defendants Kathryn Clark Melanson and Thomas Melanson told the plaintiff that defendant New England Personnel of Hartford, LLC, never pays overtime.

22.     The plaintiff's regular work day was eight hours, as evidenced by the defendants' practice of deducting time from eight hours for any day in which she took sick time or paid time off for medical appointments.

23.     On the plaintiff's last day of employment, she worked for one and one-half hours. In her final paycheck, the plaintiff received one and one-half hour's pay for that day.

24.     The defendants told the plaintiff that in addition to her salary she would be paid commissions for the successful placement of candidates into clients' positions.

25.     As a Recruiter and as an Executive Recruiter, the process by which the plaintiff did her job began with taking a folder prepared by defendant Kathryn Clark Melanson that included the resumes of potential candidates for a particular client's position, or, with respect to new resumes from potential candidates, as they came in the defendant would review, change or mark up a resume and pass it along to the plaintiff. The folders reflected the different sectors of business and industry of the defendants' clients, and defendant Kathryn Clark Melanson would assign recruiters to take folders from a particular sector.

26.     Defendant Kathryn Clark Melanson told the plaintiff what guidelines to follow and what criteria to use in selecting candidates for a position from the stack of resumes, and what information to gather from potential candidates.

27.     The plaintiff would then select resumes that met the criteria.

28.     The plaintiff would then contact the potential candidates by telephone to see if they were interested in the position.

29.     The plaintiff would submit the names and work histories of the interested candidates to the defendants using a template that had been created by the defendants. The plaintiff would email the completed template to the defendants and enter it in a logbook.

30. Defendant Kathryn Clark Melanson would determine whether particular candidates identified by the plaintiff were appropriate for a position, and would determine whether to submit the candidate's information to the client.

31. After defendant Kathryn Clark Melanson had contacted the client, the plaintiff would contact selected candidates to schedule and interview appointments with the defendant.

32. The plaintiff was told not to have any client contact at any time by any method.

33. The plaintiff regularly worked more than forty hours in a one week period.

34. The defendants did not pay the plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours each week.

35. The defendants misclassified the plaintiff as an exempt employee.

36. On or about February 27, 2014, the plaintiff gave the defendants three weeks notice of her resignation from her position with New England Personnel of Hartford, LLC.

37. The defendants placed the plaintiff on a three week "leave of absence" rather than permitting her to work out her notice period or compensation her for her notice period.

38. The defendants' final paycheck to the plaintiff failed to pay her for all of the hours that she had worked in her final active pay period.

**B.     The defendants failed and refused to pay the plaintiff her commissions**

39. During the defendants' employment of the plaintiff, the defendants paid the plaintiff commissions based on her successful identification of a potential candidate for a position who was subsequently hired by the defendants' client and remained on the client's payroll for at least ninety days.

40. The plaintiff's commissions were a percentage of the fee paid by the client to New England Personnel of Hartford, LLC, for placement of a candidate in a position.

41. The commissions became due and owing when New England Personnel of Hartford, LLC, received payment of fees from clients and the funds had cleared the bank.

42. On some occasions a candidate that had been hired by the client did not remain on the client's payroll for ninety days. This event was referred to at New England Personnel of Hartford, LLC, as a "fall off."

43. New England Personnel of Hartford, LLC, has a policy that clients that experience a "fall off" will be supplied with a replacement candidate or, on rare occasions, receive a refund of the fee paid. "Fall off" refunds were rarely given to clients and none of the clients for whom the plaintiff identified potential candidates were eligible for refunds only replacements.

44. At the close of the plaintiff's employment she had substantially completed the work involved in identifying several potential candidates, and the candidates had been placed in positions by the defendants' clients.

45. The defendants refused to pay the plaintiff some of the commissions that became due and owing to her during her unpaid "leave of absence" or after the defendants no longer employed the plaintiff.

46. The defendants have offered as explanation for refusing to pay some of the plaintiff's commissions that the potential candidates identified by the plaintiff and submitted to clients by the defendants were "fall offs" that the defendants had to replace using another Executive Recruiter..

47. The defendants' explanation is false.

48. The defendants owe the plaintiff commissions for work that she substantively completed before giving her notice, and for which there were no active search "fall offs."

### C. Proceedings before the Connecticut Department of Labor

49. The plaintiff filed a claim for wages against defendant New England Personnel of Hartford, LLC, with the Connecticut Department of Labor on or about March 20, 2014.

50. The defendant denied owing the plaintiff any overtime wages or any commissions.

51. On or about March 4, 2015, the Wage and Workplace Standards Division of the Connecticut Department of Labor issued a Notice of Violation and Opportunity to Show Cause finding, reflecting the investigator, Regina DiBenedetto's conclusion that defendant New England Personnel of Hartford, LLC, owed the plaintiff $43,074.21 in unpaid wages and $8,279.97 in interest on unpaid wages.

52. Notwithstanding the finding by the Wage and Workplace Standards Division, the defendants continue to deny that they owe any overtime wages or commissions to the plaintiff.

### V. COUNT ONE: FLSA OVERTIME WAGE VIOLATIONS

1. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 52, above.

53. The defendants did not pay the plaintiff at the rate of one and one-half times her regular hourly rate for hours worked in excess of forty hours in a week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207.

54. The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the federal minimum wage and did not do so.

## VI.     COUNT TWO: CONNECTICUT OVERTIME WAGE VIOLATIONS

1. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 54, above.

55. The defendants did not pay the plaintiff at the rate of one and one-half times his regular hourly rate for hours worked in excess of forty hours in a week, in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

56. The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut minimum wage and refused to do so.

## VII.    COUNT THREE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1. The plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 56, above.

57. The defendants failed to pay the plaintiff all of the wages that she was owed, including commissions, as required by Conn.Gen.Stat. §31-71b through 31-71e.

58. The defendants' failure to pay the plaintiff her wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiff consistent with the Connecticut wage payment laws and refused to do so.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff requests that this Court:

1. Order the defendant to pay to the plaintiff all wages owed to her pursuant to 29 U.S.C. §207, and Conn.Gen.Stat. §31-68 and §31-72;

2. Award the plaintiff an amount equal to all overtime wages owed as liquidated damages pursuant to 29 U.S.C. §216(b)

3. Award the plaintiff an amount equal to all wages owed as double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72;

4. Award the plaintiff his reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b), and/or Conn.Gen.Stat. §31-68 and §31-72;

5. Award the plaintiff prejudgment and post-judgment interest.

6. Award the plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFF, by

_/s/ Peter Goselin_
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com