# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

_____
                                                      :
Karéon Sierra, a/k/a Caron Sierra,                    :
                                                      :
      Plaintiff,                                      :
                                                      :
      v.                                              :
                                                      :
New England Personnel of Hartford, LLC,               :
Kathryn Clark Melanson, and Thomas                    :
Melanson,                                             :
                                                      :      January 27, 2016
      Defendants                                      :
_____:

## <u>REPORT PARTIES' PLANNING MEETING</u>

Date Complaint Filed:              October 20, 2015

Date Complaint was Served:         November 21, 2015

Date of Defendants' Appearance:    December 14, 2015

Date of Defendants' Answer:        December 14, 2015

      Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and Local Civil Rule 38, a conference was held on January 18, 2016.  The participants were:

<u>For Plaintiff:</u>
Peter Goselin
The Law Office of Peter Goselin
557 Prospect Ave., 2nd Floor
Hartford, CT 06105
860-580-9675
pdgoselin@gmail.com

<u>For Defendants:</u>
Bruce H. Raymond
Raymond Law Group
90 National Drive, Suite 3
Glastonbury, CT 06033
860-633-0580
raymond@raymondlawgroup.com

**I.   CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.   JURISDICTION**

**A.      SUBJECT MATTER JURISDICTION.**

This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**B.      PERSONAL JURISDICTION**

The plaintiff is Karéon Sierra, who resides at 29 Moss Avenue, Seymour, Connecticut. Defendant New England Personnel of Hartford, LLC., is a Connecticut limited liability company which lists its business address with the Connecticut Secretary of State as 1850 Silas Deane Highway, Rocky Hill, Connecticut. Defendant is in the business of recruitment and placement of candidates in the management, healthcare, nursing, financial, construction, architecture, manufacturing and legal fields.

Defendant Kathryn Clark Melanson is the Chief Operating Officer (COO) of defendant New England Personnel of Hartford, LLC, and lists her residence with the Connecticut Secretary of State as 3 Lighthouse Lane, Old Saybrook, Connecticut.

2

Defendant Thomas Melanson is the owner and President of defendant New England Personnel of Hartford, LLC, and lists his residence with the Connecticut Secretary of State as 3 Lighthouse Lane, Old Saybrook, Connecticut.

### III.   BRIEF DESCRIPTION OF CASE

#### A.  CLAIMS OF PLAINTIFF

This is an action brought by the plaintiff, Karéon Sierra, a/k/a Caron Sierra, against her former employers the defendants, New England Personnel of Hartford, LLC., Kathryn Clark Melanson, and Thomas Melanson arising from the defendants' failure to pay the plaintiff overtime wages for her work.  The plaintiff alleges that the defendants violated the overtime wage payment provision of the federal Fair Labor Standards Act, 29  U.S.C. §207, and the overtime wage wage payment provisions of Connecticut law, including Conn.Gen.Stat. §31-68 and §31-76c. The plaintiff further alleges that the defendants failed to pay her commissions owed, in violation of Conn.Gen.Stat. §31-71a through §31-71e and pursuant to Conn.Gen.Stat. §31-72. The plaintiff seeks as damages her unpaid overtime wages and unpaid commissions; double damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) and pursuant to Conn.Gen.Stat. §31-68 and §31-72; and her reasonable attorney's fees and costs.

#### B.    DEFENSES

Generally, the defendants deny the factual allegations contained in the plaintiff's complaint, to the extent that they would entitle the plaintiff to relief on any count. In addition, the defendants further assert various affirmative defenses in response to the allegations of the complaint.

3

In response to the plaintiff's allegations that the defendants failed to pay overtime wages, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207, and the overtime wage wage payment provisions of Connecticut law, including Conn.Gen.Stat. §31-68 and §31-76c, the defendants maintain that the plaintiff, at all times relevant to the complaint, was an exempt employee, and therefore was not entitled to overtime pay for hours worked in excess of forty (40) hours. 29 U.S.C. §213; Conn.Gen.Stat. §31-76i.

The defendants further contend that, even if they are found to have violated any of the statutory provisions, cited by the plaintiff, that they acted in good faith "in conformity with and in reliance on…written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged." 29 U.S.C. §259(a); Conn. Gen. Stat. §31-68(a)(2).

## IV. STATEMENT OF UNDISPUTED FACTS

Counsel certify they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. Counsel state that the following material facts are not in dispute:

1.      Defendant New England Personnel of Hartford, LLC., is a Connecticut limited liability company which lists its business address with the Connecticut Secretary of State as 1850 Silas Deane Highway, Rocky Hill, Connecticut. Defendant is in the business of recruitment and placement of candidates in the management, healthcare, nursing, financial, construction, architecture, manufacturing and legal fields.

2.      Defendant Kathryn Clark Melanson is the Chief Operating Officer (COO) of defendant New England Personnel of Hartford, LLC, and lists her residence with the Connecticut Secretary of State as 3 Lighthouse Lane, Old Saybrook, Connecticut.

3.      Defendant Thomas Melanson is the owner and President of defendant New England Personnel of Hartford, LLC, and lists his residence with the Connecticut Secretary of State as 3 Lighthouse Lane, Old Saybrook, Connecticut.

4.      At all times relevant to the Complaint, and with respect to defendant New England Personnel of Hartford, LLC, defendant Kathryn Clark Melanson was responsible for day-to-day operations, hiring, firing, promotions, personnel matters, work schedules, pay policies, and compensation and were responsible for all relevant decisions regarding the setting of hours for and the payment of wages to the plaintiff.

5.      The defendants employed the plaintiff from October 24, 2011, until February 27, 2014.

6.      The defendants hired the plaintiff for the position of Recruiter, and subsequently changed her title, along with those of other Recruiters, to Executive Recruiter. This was a change in title only and was not accompanied by a raise in pay or a change in duties.

7.      When the plaintiff was hired by the defendants, she was told that she would be expected to work 8:00AM to 5:00PM, Monday through Friday of each week, for a total of 40 hours each week.

8.      When the plaintiff was hired by the defendants, she was told that she would be paid a salary of $47,000 a year.

9.     On the plaintiff's last day of employment, she worked for one and one-half hours. In her final paycheck, the plaintiff received one and one-half hour's pay for that day.

10.     The defendants told the plaintiff that in addition to her salary she would be paid commissions for the successful placement of candidates into clients' positions.

11.     As a Recruiter and as an Executive Recruiter, the process by which the plaintiff did her job began with taking a folder prepared by defendant Kathryn Clark Melanson that included the resumes of potential candidates for a particular client's position, or, with respect to new resumes from potential candidates, as they came in the defendant would review, change or mark up a resume and pass it along to the plaintiff. The folders reflected the different sectors of business and industry of the defendants' clients, and defendant Kathryn Clark Melanson would assign recruiters to take folders from a particular sector.

12.     Defendant Kathryn Clark Melanson told the plaintiff what guidelines to follow and what criteria to use in selecting candidates for a position from the stack of resumes, and what information to gather from potential candidates.

13.     The plaintiff would then select resumes that met the criteria.

14.     The plaintiff would then contact the potential candidates by telephone to see if they were interested in the position.

15.     The plaintiff would submit the names and work histories of the interested candidates to the defendants using a template that had been created by the defendants.

6

The plaintiff would email the completed template to the defendants and enter it in a logbook.

16.     Defendant Kathryn Clark Melanson would determine whether particular candidates identified by the plaintiff were appropriate for a position, and would determine whether to submit the candidate's information to the client.

17.     After defendant Kathryn Clark Melanson had contacted the client, the plaintiff would contact selected candidates to schedule and interview appointments with the defendant.

18.     The plaintiff was told not to have any client contact at any time by any method.

19.     The defendants did not pay the plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours each week.

20.     On or about February 27, 2014, the plaintiff gave the defendants three weeks notice of her resignation from her position with New England Personnel of Hartford, LLC.

21.     During the defendants' employment of the plaintiff, the defendants paid the plaintiff commissions based on her successful identification of a potential candidate for a position who was subsequently hired by the defendants' client and remained on the client's payroll for at least ninety days.

## V.  CASE MANAGEMENT PLAN

### A.  STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request that the deadlines in the Standing Order On Scheduling In Civil Cases be modified as per §§V E-G below; and that discovery shall commence immediately upon approval of this Report by the Court and shall be completed by July 31, 2016.

### B.  SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

### C.  EARLY SETTLEMENT CONFERENCE

The parties **do not** request an early settlement conference by a U.S. Magistrate Judge.

### D.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.      Plaintiff does not anticipate the need to join parties or amend her Complaint at this time.

2.      Defendants do not anticipate the need to join parties or amend their Answer at this time.

### E.      DISCOVERY

1.      Plaintiff anticipates that discovery will be needed concerning the following subjects:

a.      All facts and circumstances pertaining to plaintiff's claims of unpaid overtime wages;

8

b.      All facts and circumstances pertaining to all elements of the defendants' affirmative defenses.

In addition, plaintiff reserves the right to seek discovery on other issues that may arise during the course of litigation and to object to individual discovery requests as appropriate.  Defendants reserve the right to object to any requested discovery on appropriate legal grounds.

2.Defendants anticipate that discovery will be needed on the following subjects:

a.All facts and circumstances pertaining to plaintiff's claims of unpaid overtime wages;

Defendants reserve the right to conduct discovery into other relevant areas based upon the disclosure of additional facts during the course of discovery.  Plaintiff reserves the right to object to any requested discovery on any appropriate legal grounds

3.      All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will commence per the Court's orders, and shall be completed by July 31, 2016.  The parties will make all reasonable efforts to use a bates numbering system to identify all documents to disclosed between them.

4.      Discovery will not be conducted in phases.

5.      The parties represent that there are no issues for early discovery.

6.      Plaintiff anticipates that it will require 3-4 depositions of parties and/or fact witnesses, and defendant anticipates that it will require 3-4 depositions of parties and/or

9

fact witnesses.  All depositions of fact witnesses may commence once the parties have met and conferred and shall be completed by July 31, 2016.

7.      The parties agree to serve a maximum of 25 interrogatories.  Parties may serve more interrogatories by mutual consent or must seek leave of the Court.

8.      The parties may call expert witnesses at trial.

9.      Plaintiff may call expert witnesses at trial.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by April 30, 2016.  Depositions of any such experts will be completed by May 31, 2016.

10.     Defendants may call expert witnesses at trial.  Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by June 30, 2016. Depositions of any such experts will be completed by July 31, 2016.

11.     A damages analysis will be provided by Plaintiff by March 31, 2016.

12.     The parties anticipate that discovery of Electronically Stored Information ("ESI") will be needed and agree to the following:

a.      The parties will produce electronically stored information that is relevant, responsive, and not privileged, subject to Rule 26(b)(2)(B).  The parties will endeavor to agree upon search terms and the applicable media to be searched.  Electronically stored information that is or is reasonably believed to contain information that is responsive to duly served discovery requests(s) shall be timely produced in native and

10

paper format.  The parties shall preserve all metadata in the form in which it is ordinarily maintained.

      b.     Any inadvertent disclosure or production of documents protected by the attorney-client privilege or work-product protection shall not constitute a waiver of either any available privilege or protection by the disclosing party.

      c.     In the event the disclosing party discovers that it disclosed attorney-client or work product protected documents, it shall, within 30 days of discovering such disclosure, request a return of these documents from the receiving party.  If the disclosing party does not request the return of these documents within 30 days of discovering such disclosure, then the material shall cease to be "inadvertent" and the producing party will need to file a motion with the court for a return of these documents.

      d.     In the event that the receiving party discovers that it may have received either attorney-client privilege or work-product-protected documents, it shall bring that fact to the attention of the producing party immediately upon that discovery.  If, 30 days after the receiving party notifies the producing party that it has received the material, the producing party does not request the return of privileged matter, then the particular material shall cease to be "inadvertent" and the producing party will need to file a motion with the court for a return of the documents.

      e.     Upon the request of the producing party, the receiving party shall promptly return any attorney-client privilege or work-product-protected document and any copies which the receiving party may have made thereof to the producing party.  This does not

prevent the receiving party from filing a motion to compel material that the receiving party believes is not privileged.

### F.  DISPOSITIVE MOTIONS

Dispositive motions will be filed by August 31, 2016.

### G.  JOINT TRIAL MEMORANDUM

The Joint Trial Memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed by August 31, 2016 or within sixty (60) days after a ruling is issued on any post-discovery dispositive motions, whichever date is later.

## VI.  TRIAL READINESS

If no dispositive motions are filed, the case will be ready for trial by September 15, 2016.

### A.  ELECTRONIC FILING

The parties request that they be allowed to file documents electronically with the Court from their own offices over the Internet using the Case Management/Electronic Case Filing System ("CM/ECF").

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**PLAINTIFF,**
**KAREON SIERRA**

**DEFENDANTS,**
**NEW ENGLAND PERSONNEL OF**
**HARTFORD, LLC, KATHRYN CLARK**
**MELANSON, and THOMAS MELANSON**

 */ s / Peter Goselin*
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com

  */ s / Bruce H. Raymond*
Bruce H. Raymond ct04981
Raymond Law Group
90 National Drive, Suite 3
Glastonbury, Connecticut 06033
Tel. 860-633-0580
Fax 860-633-0438
raymond@raymondlawgroup.com

**CERTIFICATION**

      I hereby certify that on January 27, 2016, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.


            / s /   Peter Goselin