UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Karéon Sierra, a/k/a Caron Sierra, | |
| Plaintiff, | 3:15-cv-1520 (JAM) |
| v. | |
| New England Personnel of Hartford, LLC, Kathryn Clark Melanson, and Thomas Melanson, | |
| Defendants | December 11, 2019 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER JUDGMENT**

**I.   INTRODUCTION**

In this litigation brought under the federal Fair Labor Standards Act and Connecticut's wage collection statute, Conn.Gen.Stat. §31-72, the parties entered into a settlement agreement, the principal terms of which were placed on the record before U.S. Magistrate Judge Joan G. Margolis on December 21, 2017.

Despite repeated efforts to accommodate the defendants in allowing them to make late payments or partial payments, they are now in default, having not made any payments at all since September 30, 2019. Documentation is included herein showing the terms of the agreement, the schedule for payments, and the actual payments received. Documentation is also included showing the time reasonably expended by the plaintiff's attorney in pursuit of the enforcement of the parties' agreement.

As supported by facts and evidence provided below, the plaintiff therefore respectfully requests that the Court enter judgment in this matter for the amount that remains unpaid, $44,550.99, plus attorney's fees incurred in the preparation of this motion and memorandum in the amount of $1,600.00, for a total judgment of $46,150.99.

## II.     FACTS RELEVANT TO THE MOTION

On October 20, 2015, the plaintiff filed a Complaint in this action alleging that the defendants, her former employers, had misclassified her as an exempt employee and failed to pay overtime wages owed to her in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* [Doc.No. 1] The plaintiff also alleged that the defendants were liable for commissions earned and not paid, pursuant to the Connecticut wage payment statute, Conn.Gen.Stat. §31-72. [Id.]

On August 28, 2017, the Court ruled on summary judgment that the plaintiff had been a non-exempt employee and therefore was entitled to payment of overtime wages. [Doc.No. 46] Thereafter, the parties entered into settlement discussions with the assistance and under the supervision of U.S. Magistrate Judge Joan G. Margolis. [Doc. No. 37] On December 21, 2017, the parties concluded their negotiations and placed the principal terms of their completed agreement on the record before Judge Margolis, who canvassed each of the parties to ensure that they understood the terms and the binding nature of the agreement. The record of that hearing before Judge Margolis is attached hereto as Plaintiff's Exhibit 1. The parties agreed on the record that the terms of the agreement included a set of twenty-four monthly installment payments, commencing on March 15, 2018, and totaling $80,000.00 plus 5% annualized interest. (Pl.Ex. 1, p. 5)

Defendant Kathryn Melanson, on her own behalf and on behalf of defendant New England Personnel of Hartford, LLC, represented in the hearing that she understood the terms of the agreement, including that they were binding on her and her company, and that if she were to fail to comply, the plaintiff could seek the aid of the Court in enforcing the agreement.[1] (Pl.Ex. 1, pp. 9-10)

---

[1] The parties stipulated at the time of the settlement that defendant Thomas Melanson would not be liable for the terms of the settlement. The plaintiff does not seek judgment against Thomas Melanson.

In addition, and consistent with the record of the Court, Kathryn Melanson executed a promissory note on her own behalf and on behalf of New England Personnel of Hartford, LLC, reflecting the same terms, which is attached hereto as Plaintiff's Exhibit 2. The promissory note provides that the defendants may be found to be in default of their obligations if a monthly installment payment is more than five days late. (Pl.Ex. 2)

From the beginning, the defendants failed to consistently comply with their obligations, having tendered for the first monthly installment payment a check that was returned for insufficient funds, having frequently been late with monthly installment payments to the extent that to date only eleven regular payments and one partial payment have been made, and having made no payments at all since September 30, 2019. A record of payments made, including the dates of the payments, the amounts tendered, and the sum remaining to be paid – $44,590.99 – is attached hereto as Plaintiff's Exhibit 3.

As stated above, the parties agreed in proceedings before U.S. Magistrate Judge Margolis that the Court retained jurisdiction over the settlement and would, upon the plaintiff's motion, enforce the terms of the agreement. The promissory note further grants the plaintiff "the right to be paid back by the Note Maker for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law including, without limitation, reasonable attorney's fees, incurred or paid by Note Holder in connection therewith, whether or not litigation is commenced."[2] (Pl.Ex. 2) Moreover, the Court, having presided over the settlement of this matter, retains the inherent authority to enforce the parties' agreement by entering judgment on the parties' undisputed terms:

> Settlement agreements to end litigation are strongly favored by courts and are not lightly cast aside. *Willgerodt, on Behalf of Majority Peoples' Fund for 21st Century, Inc. v. Hohri*, 953 F.Supp. 557, 560 (S.D.N.Y. 1997). Once reached by

---

2   Counsel for the plaintiff represents that he reasonably expended a total of 4.0 hours in the preparation of this motion and memorandum, and seeks payment for those hours reasonably expended at the rate of Four Hundred Dollars ($400.00) per hour, for a total of One Thousand Six Hundred Dollars ($1,600.00). See Affidavit of Peter Goselin, attached hereto as Plaintiff's Exhibit 4.

the parties, settlement agreements are binding and enforceable. *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989) rev'd on other grounds by *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Reich v. Best Built Homes, Inc.*, 895 F.Supp. 47, 49 (W.D.N.Y. 1995). " A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Comm'n Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *2 (E.D.N.Y. Feb. 17, 2006) (citing *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)) (internal citations omitted).

*Palmer v. The County of Nassau*, 977 F.Supp.2d 161, 165-66 (E.D.N.Y. 2013).

      The plaintiff therefore respectfully requests that the Court enter judgment in this matter for the amount that remains unpaid, $44,550.99, plus attorney's fees incurred in the preparation of this motion and memorandum in the amount of $1,600.00, for a judgment in the amount of $46,150.99.

                            RESPECTFULLY SUBMITTED,
                            FOR THE PLAINTIFF

                            ___/ s / Peter Goselin ct06074___
                            The Law Office of Peter Goselin
                            557 Prospect Avenue, 2nd Floor
                            Hartford, Connecticut 06105
                            Tel. 860-580-9675
                            Fax 860-471-8133
                            pdgoselin@gmail.com

## CERTIFICATION

I hereby certify that on December 11, 2019, a copy of the foregoing was filed electronically and served by e-mail on anyone unable to accept electronic filing. Parties may access this filing through the Court's system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail to anyone unable to accept electronic filing, as follows:

Kathryn Melanson  
New England Personnel of Hartford, LLC  
kathryn.melanson@gmail.com

    /s/   Peter Goselin