UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREON SIERRA, A/K/A CARON SIERRA,<br>Plaintiff, | Civil Action No. 3:15-cv-01520-JAM |
| v. | |
| NEW ENGLAND PERSONNEL OF<br>HARTFORD, LLC, KATHRYN CLARK<br>MELANSON, and THOMAS MELANSON,<br>Defendants. | DECEMBER 13, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR LEAVE TO WITHDRAW APPEARANCE**

Pursuant to Rule 7(e) of the Local Rules of Civil Procedure, the attorneys of record for Defendant, New England Personnel of Hartford, LLC; Kathryn Clark Melanson and Thomas Melanson.  A copy of this Motion has been served upon each of the Defendants by certified mail pursuant to Rule 7(e) of the Local Rules of Civil Procedure. Counsel files herewith a memorandum of law in support of its Motion. The attorneys of record move in light of the plaintiff's recently filed motion to enter judgment (Doc. No. 71). The attorneys of record for the defendants have not represented the defendants since the entry of the settlement agreement in this case in or around December 2017. Good cause exists for granting their withdrawal and such withdrawal will not disrupt the present proceeding.

Counsel for the Defendants certifies that they have conferred with counsel for Plaintiff and that they do not intend to object to this Motion.

STATEMENT OF FACTS

Counsel was originally retained to represent New England Personnel of Hartford, LLC; Kathryn Clark Melanson and Thomas Melanson in association with the presently pending action. On December 21, 2017, a settlement was reached with the assistance of the undersigned, which included, *inter alia*, a payment plan, spanning twenty-four months. After finalizing the agreement on behalf of the defendants, the undersigned ceased to represent the defendants in the above-captioned matter. At that point, the defendants no longer wished to be represented by the undersigned and do not wish to pay for continued representation. There was also a breakdown in communication with the clients and certain conflicts which would make continuing representation impossible. The undersigned has had no involvement in the handled making payments and arranging late payments as the plaintiff has described in her motion.

The effective termination of the representation of the defendants and the impracticability of continued representation constitute good cause to allow for withdrawal of counsel for the defendant. Counsel have not been involved with the payment or re-negotiation of payment terms since the entry of the settlement agreement in December 2017, so their withdrawal from the present proceeding will have little to not effect on the proceedings. Moreover, the plaintiff does not object to the present motion. As such, the motion to withdraw as counsel on behalf of both attorneys Bruce H. Raymond and Evan K. Buchberger for the defendants must be granted.

ARGUMENT

Pursuant to Local Rule of Civil Procedure 7(e), counsel may withdraw where "good cause" exists. Local Rule 7(e). "As a first step in considering counsel's request, the Court looks to the Rules of Professional Conduct as approved by the Judges of the Connecticut Superior Court..

. to determine whether withdrawal is permissive or mandatory given the facts presented." *Vachula v. Gen. Elec. Capital Corp.*, 199 F.R.D. 454, 457 (D. Conn. 2000). The Court also considers "whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)

The Connecticut Rules of Professional Conduct ("RPC") RPC, allow attorneys to withdraw appearance in a case for various reasons. RPC 1.16(b)(6) permits withdrawal if "other good cause for withdrawal exists [not otherwise enumerated within the rule]."

In the present case, New England Personnel of Hartford, LLC; Kathryn Clark Melanson and Thomas Melanson, no longer wish to be represented by present counsel and do not wish to pay for continued representation. There was also a breakdown in communication with the clients which would make continuing representation impossible.

In a situation such as this, withdrawal must be allowed because "such a strained and coerced relationship is inconsistent with the notion of the attorney-client relationship." *Matza v.* Matza, 226 Conn. 166, 184 (1993); *CP Solutions, Ltd. V. Gen. Elec. Co.*, 550 F.Supp.2d 298, 302 (D. Conn. 2008). As a result, good cause exists in that it is no longer practicable for counsel to continue representing the defendants.

Moreover, it is unlikely that any disruption will be caused by counsel's withdrawal from this case. Counsel have not been involved with the payment or re-negotiation of payment terms since the entry of the settlement agreement in December 2017. The defendants themselves have been handling said negotiations and are more in a position to respond to the factual allegations of the plaintiff's presently pending motion (Doc. No. 71). Therefore, counsel's withdrawal will not disrupt the proceedings.

CONCLUSION

New England Personnel of Hartford, LLC; Kathryn Clark Melanson and Thomas Melanson does not wish to continue the engagement of counsel in this case. Because of the foregoing, and lack of objection from the other parties in this case, counsel for New England Personnel of Hartford, LLC; Kathryn Clark Melanson and Thomas Melanson should be allowed to withdraw their appearance.

WHEREFORE, the undersigned requests that the Court grant this Motion for Leave to Withdraw as counsel for the defendant, New England Personnel of Hartford, LLC; Kathryn Clark Melanson and Thomas Melanson in the above-captioned matter.

Respectfully submitted,

/s/ Evan K. Buchberger
Bruce H. Raymond ct. 04981
Evan K. Buchberger ct. 29973
Raymond Law Group LLC
100 Sycamore Street, Suite 1
Glastonbury, CT 06033
Phone: 860-633-0580
Fax: 860-633-0438
Raymond@RaymondLawGroup.com
Buchberger@RaymondLawGroup.com

## Certificate of Service

I hereby certify that on December 13, 2019, a copy of foregoing was served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Evan K. Buchberger
Evan K. Buchberger
